## ROBERT NIBLOCK agt. HENRY WRIGHT.

Omitting to entitle a declaration of a "particular term" of the court is an irregularity, for which a special motion is the only remedy. (12 *Wend.* 293; 9 *id.* 263.) Where it appears from the body of the declaration *that the suit was commenced before the cause of action arose,* this objection cannot be raised on demurrer, where there is no term mentioned in the title of the declaration.

*September Term,* 1846.

MOTION by defendant to set aside declaration, for irregularity.

The motion was made on two grounds, to wit: that the declaration was not *entitled of any term* of this court. Also, that the declaration alleged a cause of action accruing *subsequent* to the time when the suit was commenced by the writ of replevin. The action was replevin in the *detinet;* the entitling of the declaration was as follows: "Of the term of in the year of our Lord one thousand eight hundred and forty-six." It should have been entitled of May term, 1846. The defendant was, on the 11th of April, 1846, summoned to [*252] answer, &c., and on the same day the goods *and chattels were replevied from defendant. Plaintiff's declaration complained "that the said defendant *on the first day of July, one thousand eight hundred and forty-six,* at the city of Albany, in the county of aforesaid, received from one Lucas Willson a certain sloop or vessel, known as the Star, with her tackle, apparel and furniture, the property of him, the said plaintiff," &c. (the property replevied)

> R. H. NORTHROP, *defendant's counsel.*
> HOWES & NORTHROP, *defendant's attorneys.*
> P. CAGGER, *plaintiff's counsel and attorney.*

Plaintiff's counsel insisted that the irregularity complained of—that the cause of action was laid in the body of the declaration after the suit was in fact commenced—should be taken advantage of by demurrer. (1*st Paine & Duer Pr.* 422; 2 *Saund.* 1 n 1; 10 *John.* 219.) *The* defendant could not be prejudiced by the omission of the "term." The time when the writ was issued might be proved. (1 *P. & D. Pr.* 423; 10 *John.* 219.) It might be otherwise, if the declaration was entitled of a term *subsequent* to that in which the writ was returnable. (12 *Wend.* 293.)

BRONSON, Chief Justice. If the declaration had been properly entitled the defendant might have demurred, because the

suit was commenced before the cause of action arose; but as no term was mentioned, the defendant could not raise the question on demurrer. Omitting to entitle was an irregularity for which this motion was the only remedy. (12 *Wend.* 293; 9 *id.* 263.) *Motion granted with costs.*